UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

DAVID RODRIGUEZ,

                                                                                                                          6:17-cv-94-ORL-40DCI

      Plaintiff,

v.

XTREME AUTO CARRIER, INC.,
a Florida Corporation, and LIZNETH D.
RAVELO, individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, DAVID RODRIGUEZ, by and through his undersigned counsel, and sues the Defendants, XTREME AUTO CARRIER, INC. (hereinafter, referred to as "Company"), and LIZNETH D. RAVELO, individually, (hereinafter, referred to as "Ravelo"), and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants, but the Defendants willfully refused to compensate the Plaintiff for all work performed in direct contravention of the law, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

1

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, Ravelo, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, Company, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That the Plaintiff, DAVID RODRIGUEZ, was hired as a non-exempt employee by the Defendants and worked for a total of 10 days in late June/early July of 2015.

10. Plaintiff subsequently resigned from the Defendants, for which the Defendants stopped payment on Check No.: 0866 made payable to the Plaintiff in the amount of $2,603.50.

11. As a result Plaintiff did not receive his earned pay, or even the basic minimum wage for such work, as required by the FLSA.

12. Requests made by the Plaintiff for these funds were rejected, as were Plaintiff's pre-suit settlement efforts, leaving Plaintiff with no alternative but to file suit.

## COUNT I
## FLSA – COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, DAVID RODRIGUEZ, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – RAVELO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of Ravelo in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, DAVID RODRIGUEZ, demands judgment against Ravelo, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES/FLORIDA STATUTES § 448.08-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

17. That the Company as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff.

18. That as a result of the Company's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, DAVID RODRIGUEZ, demands judgment against the Company, awarding Plaintiff his unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, DAVID RODRIGUEZ, demands trial by jury.

January 17, 2017

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701